# In the United States District Court for the Southern District of Georgia Brunswick Division

KATRINA CUMMINGS,

    Plaintiff,

v.

JAMES RICHARD DOUBERLY,

    Defendant.

CV 214-152

## ORDER

Plaintiff Katrina Cummings seeks to renew her dismissed complaint alleging violations of her constitutional rights against Defendant James Richard Douberly. See Dkt. no. 1. This Court dismissed Plaintiff's original complaint without prejudice in a prior action because Plaintiff failed to show proof that she had effectuated timely service on Defendant. She now comes before the Court with proof of untimely service on Defendant, and Defendant has moved to dismiss the Renewed Complaint as time-barred. Dkt. no. 5.

Generally, a statute of limitations defense is an affirmative defense that must be pled. See Fed. R. Civ. P. 8(c). "However, failure to comply with the statute of limitations may be raised on a motion to dismiss for failure to state a claim

1

for which relief can be granted under Fed. R. Civ. P. 12(b)(6), when failure to comply with the statute of limitations is plain on the face of the complaint." Foster v. Savannah Commc'n, 140 F. App'x 905, 907 (11th Cir. 2005) (citing AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982)).

Plaintiff submitted a copy of the Summons directed to Defendant Douberly in the prior case as an attachment to her response to Defendant's motion to dismiss. See Dkt. no. 8-1. It is not attached to the Complaint. A district court is usually limited to reviewing only the allegations on the face of the complaint in considering a motion to dismiss for failure to state a claim. However, Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). When a district court converts a motion to dismiss into a motion for summary judgment, it must comply with the requirements of Rule 56 by notifying the parties of the conversion and providing 10 days for the parties to supplement the record accordingly. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002).

Because Plaintiff, as the nonmovant, has provided extraneous documents for the Court's consideration, the Court

2

will convert Defendant's Motion to Dismiss into a Motion for Summary Judgment. The parties are **DIRECTED** to supplement the record, within 10 days, with any materials relevant to the tolling and statute of limitations issues raised in Defendant's Motion to Dismiss (Dkt. no. 5) and the parties' subsequent briefing (Dkt. nos. 8, 11).[1]

**SO ORDERED**, this 22ND day of May, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Because the Court is limiting this Motion for Summary Judgment strictly to the questions raised in Defendant's Motion to Dismiss, Defendant will have leave to file a second motion for summary judgment based on other legal theories if the Court denies the present motion.