# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

KATRINA CUMMINGS,

    Plaintiff,

v.

JAMES RICHARD DOUBERLY,

    Defendant.

CV 214-152

## ORDER

Plaintiff Katrina Cummings seeks to renew her dismissed complaint, which alleges violations of her constitutional rights under 42 U.S.C. § 1983, against Defendant James Richard Douberly. See Dkt. no. 1 ("Renewed Complaint"). This Court dismissed Plaintiff's original complaint without prejudice in a prior action because Plaintiff failed to show proof that she had effectuated timely service on Defendant. She now comes before the Court with proof of untimely service on Defendant, and Defendant has moved to dismiss the Renewed Complaint as time-barred. Dkt. no. 5. This Court converted the Motion to Dismiss into a Motion for Summary Judgment. Dkt. no. 12. Because the prior complaint was dismissed by a judicial determination that dismissal was authorized, the prior action was void and thus is

not renewable under Georgia's renewal statute. Therefore, Defendant's Motion for Summary Judgment (Dkt. no. 5) is **GRANTED**.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff alleges that on April 27, 2011, she returned from the store to find several police officers around her home. Dkt. no. 1, ¶¶ 5-9. A man had fled police and entered her home, and the police wanted to search inside for him. Id. Plaintiff says that when she asked the police why they wanted her consent to search her home, the "officers became upset." Id. ¶ 10. Plaintiff ultimately consented to the search on the condition that the police first allow her to remove her children from the home. Id. ¶ 11. Plaintiff says that after police searched her home and arrested the fugitive, Defendant Douberly had her arrested, without probable cause and for malicious purposes, for obstructing or hindering law enforcement officers. Id. ¶ 12. Plaintiff claims the arrest violated her constitutional rights, "including but not limited to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." Id. ¶ 13.

Plaintiff, who is represented by counsel, filed her first complaint against Defendant on April 22, 2013, just a few days before Georgia's two-year statute of limitations for personal injury claims would expire. See Complaint (Dkt. no. 1), Cummings

v. Douberly et al., 2:13-CV-59 (S.D. Ga. Apr. 22, 2013)[1]; Ga. Code Ann. § 9-3-33. On October 11, 2013, Defendant moved to dismiss the complaint for failure to make timely service. See Def.'s Mot. to Dismiss (Dkt. no. 7), Cummings v. Douberly et al., 2:13-CV-59 (S.D. Ga. Oct. 11, 2013). This Court granted Defendant's motion to dismiss the first complaint on April 7, 2014, because Plaintiff failed to show proof that she had effectuated service on Defendant even after being given extra time to do so. See Order Granting Def.'s Mot. to Dismiss (Dkt. no. 14), Cummings v. Douberly et al., 2:13-CV-59 (S.D. Ga. Apr. 7, 2014) ("Cummings I Order").

Plaintiff filed her Renewed Complaint against Defendant in the present action on October 6, 2014, one day within Georgia's six-month window for recommencing discontinued or dismissed cases, but more than three years after the right of action accrued. See Dkt. no. 1; Ga. Code Ann. § 9-2-61(a); § 9-3-33. Plaintiff has provided a copy of the Summons on Defendant, which indicates service on December 5, 2013—some two years, seven months, and eight days after the alleged constitutional violations were committed and 106 days after Plaintiff was afforded a 30-day extension by the Magistrate Judge to effectuate service on Defendant. See Dkt. no. 8-1. Thus, the

---

[1] This Court takes judicial notice of the public records—such as Plaintiff's complaint and this Court's own Orders—pertaining to Plaintiff's prior action, Cummings v. Douberly et al., 2:13-CV-59 (S.D. Ga. Feb. 11, 2015).

copy of the Summons shows that Plaintiff served Defendant in the prior action after Defendant filed his motion to dismiss for untimely service in October 2013, but before the Court granted that motion in April 2014. For some unexplained reason, Plaintiff never presented this Court the summons in the prior action, even when faced with a motion to dismiss due to lack of service.

Defendant has filed a Motion to Dismiss the Renewed Complaint, arguing that this suit is barred by the statute of limitations and cannot be saved by Georgia's tolling provision for renewal actions. Dkt. no. 5. Because Plaintiff, as the nonmovant, filed an extraneous document in her opposition to Defendant's Motion to Dismiss purporting to show that Defendant was eventually served, the Court converted Defendant's Motion to Dismiss into a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(d). See Dkt. no. 12. The Court allowed the parties ten days to supplement the record. Id. Defendant promptly responded with additional argument. Dkt. no. 13. Plaintiff filed a late response, but did not otherwise attempt to introduce new evidence for the Court's consideration. Dkt. no. 14. Defendant's Motion to Dismiss is thus ripe for adjudication as a Motion for Summary Judgment.

## LEGAL STANDARD

When considering a motion for summary judgment the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The dispute in this case turns solely on the interpretation of Georgia's renewal statute and its resultant case law.

## DISCUSSION

Under Georgia's renewal statute,

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . .

Ga. Code Ann. § 9-2-61(a). "The privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases." Tate v. Coastal Utils., Inc., 545 S.E.2d 124, 126 (Ga. Ct. App. 2001). An action is "void" under one of two circumstances: (1) if service is never perfected, and (2) if there has been a judicial determination that dismissal is authorized and such an order has been entered. See id. "However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void." Id. (quoting Hobbs v. Arthur, 444 S.E.2d 322, 323 (Ga. 1994)).

The central issue in this case is whether Plaintiff's prior action against Defendant was void. Plaintiff argues that even though her prior action was dismissed for failure to perfect service, Defendant was nevertheless served. According to Plaintiff, "[a]ny delay in service in the prior action is essentially irrelevant in this action." Dkt. no. 8, p. 2 (citing Hobbs v. Arthur, 444 S.E.2d 322 (Ga. 1994)).

The circumstances in this case are distinguishable from Hobbs. In Hobbs, the Georgia Supreme Court held that an action was voidable, but not void, where (1) the plaintiff had served the defendant after the service period in the original action; (2) the plaintiff then voluntarily dismissed his complaint; and (3) the dismissal came before the trial court ruled on the defendant's motion for summary judgment. Hobbs, 444 S.E.2d at 323-24. But here, Plaintiff did not voluntarily dismiss her prior action before the Court granted Defendant's motion to dismiss. See Cummings I Order. Because the Court entered an Order dismissing the otherwise valid action, Plaintiff's initial suit was void and cannot be renewed under Georgia's renewal statute. See Hobbs, 444 S.E.2d at 323 ("A suit is also void and incapable of renewal under OCGA § 9-2-61(a) if there has been a judicial determination that dismissal is authorized. However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void.").

AO 72A
(Rev. 8/82)

In fact, as opposed to Hobbs, this case is on all fours with Tate. In Tate, the plaintiffs brought suit against the defendant trucking company and its driver in federal district court just days within the statute of limitations for their personal injury claims arising from a multi-vehicle accident. Tate, 545 S.E.2d at 125. The district court ordered plaintiffs to provide proof that the defendants had been served within the time limits of Federal Rule of Civil Procedure 4(m). Id. Later, the district court dismissed the defendants from the litigation, having found that plaintiffs "failed to provide the required proof of service." Id. However, plaintiffs had actually effectuated service three days before the court issued its order. Id. In light of this fact, the district court issued another order reaffirming that the plaintiffs had "failed to show good cause for their failure to serve defendants within the 120 day service period," and also finding that the plaintiffs "failed to diligently serve defendants [. . .] after the expiration of the statute of limitations as required under Georgia law," and were thus "guilty of laches because they have indulged in unreasonable delays without excuse." Id. In concluding that the claims against the defendants should remain dismissed, the district court nevertheless granted the plaintiffs' alternative motion to dismiss the action without

AO 72A
(Rev. 8/82)

prejudice for the express purpose of renewing the action pursuant to Georgia's renewal statute. Id. at 125-26.

Upon renewal, the Georgia Superior Court determined, and the Court of Appeals affirmed, that the initial suit was void because the prior action was not commenced within the applicable statute of limitation "since service had not been timely perfected." Id. at 126-27. Nor was it "dismissed voluntarily at the plaintiff's behest." Id. There had also been a judicial determination that dismissal was authorized. Id. at 126-127. Thus, even upon a dismissal without prejudice for the stated purpose of allowing plaintiffs to renew their action under Georgia's renewal statute, a case cannot be renewed, under any circumstances, if it is void.

The prior action in this case was void. Plaintiff failed to show that she ever served Defendant in the prior action, and her case was dismissed accordingly. It does not matter that Plaintiff actually served Defendant before the Court dismissed the case for two reasons. First, just as in Tate, that service was still 76 days too late, and was thus untimely.[2] Second, also echoing Tate, Plaintiff failed to show good cause for her delay

---

[2] Per Rule 4(m), Plaintiff had 120 days after the complaint in the original action was filed on April 22, 2013, to serve Defendant. The Magistrate Judge granted her request for an extension, affording her an additional 30 days to perfect service. See Cummings I Order, p. 1. The summons was not served until December 5, 2015, 226 days after the complaint was filed, or 76 days after service would have been timely.

in effectuating service or that she had exercised due diligence in doing so.

It is also of no consequence that the prior action was dismissed without prejudice. The district court in <u>Tate</u> dismissed the plaintiffs' case without prejudice expressly so they could take advantage of Georgia's renewal statute—but the Georgia Superior and Appellate Courts still refused the plaintiffs their mulligan. Plaintiff in this case lacks even the prior Court's blessing for renewal. As the Court noted in its prior Order, "given the timing of Plaintiff's actions, or, more precisely, inactions, a dismissal without prejudice may be tantamount to a dismissal with prejudice." <u>Cummings I</u> Order, p. 4 n.2. Indeed it was.

Thus, Plaintiff's prior action against Defendant was void and cannot be renewed under the renewal statute. Her instant complaint was filed beyond the two-year statute of limitations period governing 42 U.S.C. § 1983 claims. Therefore, Defendant's Motion for Summary Judgment (Dkt. no. 5) must be **GRANTED**. The Clerk of Court is directed to enter the appropriate judgment.

**SO ORDERED**, this 21ST day of July, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA